UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ABRAHIM MOHAMED FOFANA,

                              Plaintiff,

v.

ALEJANDRO MAYORKAS, *in his official capacity as Secretary of the United States Department of Homeland Security*; UR JADDOU, *in her official capacity as Director of the United States Citizenship and Immigration Services*; CONNIE NOLAN, *in her official capacity as Associate Director, Service Center Operations, United States Citizenship and Immigration Services*; LESLIE TRITTEN, *in her official capacity as Field Office Director, Minneapolis-Saint Paul Field Office, United States Citizenship and Immigration Services*; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,[1]

                              Defendants.

Civil No. 18-3163 (JRT/DTS)

**ORDER ON REMAND**

---

    David L. Wilson and Cameron L.Y. Giebink, **WILSON LAW GROUP**, 3019 Minnehaha Avenue, Suite 200, Minneapolis, MN 55406, for plaintiff.

    Richard G. Ingebretsen, **UNITED STATES DEPARTMENT OF JUSTICE**, Post Office Box 868, Ben Franklin Station, Washington, DC 20044; Joseph F. Carilli, Jr., **OFFICE OF IMMIGRATION LITIGATION, UNITED STATES**

---

[1] Alejandro Mayorkas, Ur Jaddou, and Connie Nolan have succeeded Chad Wolf, Kenneth Cuccinelli, and Donald Neufeld in their respective positions and official capacities.  Therefore, they are automatically substituted as defendants in this matter.  *See* Fed. R. Civ. P. 25(d).

**DEPARTMENT OF JUSTICE**, 600 Nineteenth Street Northwest, Washington, DC 20006; Friedrich A.P. Siekert, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendants.

Plaintiff Abraham Fofana filed this action challenging the decision of the United States Citizenship and Immigration Services ("USCIS") denying his application to adjust his immigration status from asylee to lawfully admitted permanent resident because it concluded that he was not admissible based on his activities with the United Liberation Movement for Democracy in Liberia ("ULIMO"). (Compl., Nov. 12, 2018, Docket No. 1.) The parties filed cross motions for summary judgment. (Pl.'s Mot. for Summ. J., June 21, 2019, Docket No. 23; Defs.' Mot. for Summ. J., July 12, 2019, Docket No. 27.)

The Court granted Fofana's motion and denied Defendants' Motion. (Mem. Op. & Order, Jan. 21, 2020, Docket No. 35.) The Court did so because it held that collateral estoppel barred Defendants from finding that Fofana was inadmissible because of his association with ULIMO. (*Id.* at 23.) Defendants appealed, and the Eighth Circuit reversed, finding that collateral estoppel did not apply because Fofana's inadmissibility had not been "actually litigated" in his previous asylum proceeding. *Fofana v. Mayorkas*, 4 F.4th 668, 671–72 (8th Cir. 2021). The Eighth Circuit then remanded to the Court for further proceedings. *Id.* at 672.

After receiving the mandate, the Court ordered the parties to submit briefing regarding how to proceed. (Briefing Order, Aug. 9, 2021, Docket No. 43.) The Court held this briefing order in abeyance pending the Supreme Court's determination regarding

certiorari.  (Order, Dec. 29, 2021, Docket No. 58.)  After the Supreme Court denied certiorari, (Notice, Feb. 23, 2022, Docket No. 59), the parties filed briefs on the next steps in the case.  (Pl.'s Mem., Apr. 19, 2022, Docket No. 68; Defs.' Mem., Apr. 22, 2022, Docket No. 69.)

Fofana contends that he requested two declaratory judgments.  First, he seeks declaratory judgment that collateral estoppel barred Defendants from finding him inadmissible.  Second, Fofana argues that USCIS erred in its factual determination that he was inadmissible.  Fofana contends that the parties only moved for summary judgment as to, and the Eighth Circuit's ruling only affected, the first request for declaratory judgment.  (Pl.'s Mem.)  Accordingly, he requests a Rule 16 Conference to schedule briefing on the second, factual challenge.  (*Id.* at 5.)

Defendants contend that the sole issue properly pled was whether collateral estoppel applied, which was fully resolved by the Eighth Circuit.  (Defs.' Mem. at 3.) Because the Eighth Circuit held that collateral estoppel did not apply here, Defendants contend the Court should affirm USCIS's decision without additional action.  (*Id.* at 5.)  In response to Fofana's filing, the Defendants further contend that no issues are before the Court on remand and, as such, the Court should grant summary judgment in Defendants' favor.  (Resp. at 1, 5, May 6, 2022, Docket No. 70.)

After a careful review of the record in this case, the Court concludes that Fofana alleged two bases for overturning USCIS's decision: one based upon collateral estoppel

-3-

and one challenging USCIS's factual determinations. Because the collateral estoppel issue was resolved on appeal, the Court must grant Defendants' motion for summary judgment on that issue. The factual challenge remains, however, because the parties did not move for summary judgment—and the Eighth Circuit did not address—that issue.

The Complaint has multiple paragraphs that demonstrate Fofana alleged a factual challenge. (*See* Compl. ¶¶ 15, 45–46, 55, 71, Prayer for Relief ¶ 5.) For example, Paragraphs 45 and 46 are solely about whether the evidence supports USCIS's decision and whether USCIS justified its decision. These paragraphs are wholly irrelevant to the collateral estoppel issue. Similarly, Paragraph 71 asks for a declaratory judgment that Fofana did not engage in the relevant activities that resulted in USCIS's determination of inadmissibility. This is a specific request for relief based on the facts. Moreover, Defendants seem to have been aware that Fofana brought a factual challenge. (*See* Rule 26(f) Conference Report at 2, Mar. 19, 2019, Docket No. 15 (arguing the decision was not arbitrary or capricious and "further" not barred by collateral estoppel); Defs.' Mem. Supp. Mot. Summ. J. at 14 n.8, Docket No. 28 (acknowledging two causes of action, only one of which was based on collateral estoppel).) Indeed, Defendants still acknowledge that the Complaint alleged two bases for relief: "Plaintiff only moved for summary judgment under one cause of action in his complaint. In his complaint, Plaintiff alleges two causes of action . . . ." (Defs.' Mem. at 2 n.1 (citation omitted).)

Defendants now claim that Fofana's factual challenge was not properly pled and did not give them notice. (Resp. at 5.) However, Defendants' own filings indicate they had notice of the factual challenge. While this claim may not have been properly pled, Defendants did not bring a Rule 12(b)(6) challenge to the Complaint, nor did they file a Rule 12(e) motion for a more definite statement to clarify upon which bases he brought this action. Therefore, whether the Complaint adequately pled sufficient facts is immaterial as long as the Complaint alleged the factual challenge.

Defendants also fault Fofana for failing to move for summary judgment on a factual challenge. Accordingly, they argue that he should not be able to move forward on it now. A failure to move to move for summary judgment on an issue or claim does not necessarily mean a party has abandoned that claim. Although there may be evidence Fofana has abandoned this claim, nothing before the Court supports this.

Despite being aware of it, Defendants also did not move for summary judgment on the factual challenge. (*See* Defs.' Mem. Supp. Mot. Summ. J. at 14.) If Defendants wished to defeat the entire case, they could have moved for summary judgment on both issues. For this reason, the Eighth Circuit also did not address the factual challenge. Therefore, the factual challenge is still alive.

The Court agrees that there is nothing left to resolve regarding the collateral estoppel claim. The Eighth Circuit definitively resolved that issue: collateral estoppel did

not bar USCIS from finding Fofana inadmissible. Therefore, the Court will grant Defendants' motion for summary judgment and deny Fofana's as to collateral estoppel.

In sum, despite the Complaint alleging two bases for relief, both parties only moved for summary judgment on the applicability of collateral estoppel. This issue has been definitively resolved, while the factual challenge remains unaddressed. Therefore, the Court will dismiss the Complaint as to the collateral estoppel issue and refer the case to Magistrate Judge David Schultz for a Rule 16 Conference to determine how to proceed on the remaining issues including whether to schedule another round of summary judgment motions.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment [Docket No. 23] is **DENIED**;

2. Defendants' Motion for Summary Judgment [Docket No. 27] is **GRANTED**;

3. Plaintiff's claims arising out of collateral estoppel are **DISMISSED with prejudice**; and

4. The case is referred to the Magistrate Judge for a Rule 16 Conference.

DATED: October 21, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge