UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ABRAHIM MOHAMED FOFANA,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, *et al.*,<br><br>Defendants. | Civil No. 18-3163 (JRT/DTS)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO AMEND JUDGMENT** |

---

Cameron Lane Youngs Giebink and David L. Wilson, **WILSON LAW GROUP**, 3019 Minnehaha Avenue, Minneapolis, MN 55406, for Plaintiff.

Friedrich A. P. Siekert, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, Joseph F. Carilli, Jr., **CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION**, 600 Nineteenth Street Northwest, Washington, DC 20006, and Richard Gordon Winstead Ingebretsen, **DEPARTMENT OF JUSTICE, CIVIL DIVISION**, P.O. Box 868, Ben Franklin Station, Washington, DC 20044, for Defendants.

The Court recently entered summary judgment for Plaintiff Abrahim Mohamed Fofana in this action. (Mem. Op. & Order Granting Pl.'s Mot. Summ. J. ("SJ Order") at 30, Mar. 1, 2024, Docket No. 98.) The Court held, in part, that 8 U.S.C. § 1252(a)(2)(B)(ii) did not strip its jurisdiction to review Fofana's application. (*Id.* at 7–19.) Since that decision, there has been a flurry of related activity in courts of appeals. First, the Eighth Circuit decided that § 1252(a)(2)(B)(ii) precluded Article III jurisdiction over a challenge to the prompt adjudication of a lawful permanent resident application under 8 U.S.C. § 1255(a),

*Thigulla v. Jaddou*, 94 F.4th 770, 777 (8th Cir. 2024), and the Fourth Circuit followed suit, *Shaiban v. Jaddou*, 97 F.4th 263, 265–67 (4th Cir. 2024).  The Supreme Court then granted certiorari in *Bouarfa v. Mayorkas*, a case in which it will interpret the scope of § 1252(a)(2)(B)(ii).  No. 23-583, 2024 WL 1839093 (U.S. Apr. 29, 2024).

The government asks the Court to amend its judgment pursuant to Federal Rule of Civil Procedure 59(e) and dismiss this action for lack of subject matter jurisdiction.  "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence."  *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quotations omitted).  The Court "has broad discretion to alter or amend a judgment under Rule 59(e)," including to accommodate changes in the law.  *SFH, Inc. v. Millard Refrigerated Servs., Inc.*, 339 F.3d 738, 746 (8th Cir. 2003); *Knish v. Stine*, 347 F. Supp. 2d 682, 686 (D. Minn. 2004).

The Court will not exercise its discretion to amend judgment here.  The parties dispute whether this case is controlled by *Thigulla*, or if *Bremer v. Johnson* continues to govern.  *See* 834 F.3d 925, 928–31 (8th Cir. 2016); (SJ Order at 11–12.)  It is at least possible the decisions can coexist, with decisions to delay adjudication under 8 U.S.C. § 1255(a) being more discretionary than admissibility determinations under §§ 1159(b). And to the extent *Thigulla* represents an abandonment of *Bremer* following the Supreme Court's decision in *Patel v. Garland*, 596 U.S. 328 (2022), it would be helpful for the Eighth Circuit to clarify as much.  *See United States v. Williams*, 537 F.3d 969, 976 (8th Cir. 2008)

(requiring a panel to "explicitly identify" the changed circumstances when one panel departs from a previous panel's decision). *Thigulla* did not discuss *Bremer*, so the earlier decision's continued vitality is unclear.

There are other reasons the Court will not amend judgment. The Court has appreciated the parties' thorough arguments, and believes they are well-equipped to make their cases to the Eighth Circuit should the government decide to appeal this order.[1] Additionally, the law may be further clarified once the Supreme Court decides *Bouarfa*.

Ultimately, this a complex and evolving area of law with no shortage of varying opinions. The Court issued what it believed, and continues to believe, is the best interpretation of 8 U.S.C. § 1252(a)(2)(B)(ii) as it interacts with § 1159(b). Accordingly, the Court will deny the government's motion to amend judgment.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Alter/Amend/Correct Judgment [Docket No. 101] is **DENIED**.

DATED: May 23, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[1] *Thigulla*, on the contrary, reached the jurisdiction issue sua sponte, without the benefit of party argument. It was only able to examine briefing from a separate case. *See Thigulla*, 94 F.4th at 773 n.3.